Jackson Lewis LLP
59 Maiden Lane
New York, NY 10038-4502
(212) 545-4000
Peter C. Moskowitz (PM 8845)
Jason A. Zoldessy (JZ 6522)

Attorneys for Defendant
Comprehensive Health Management, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Miguel Aponte, *et al.*<br><br>        Plaintiffs,<br><br>    v.<br><br>Comprehensive Health Management, Inc.,<br><br>        Defendant. | 10-CV-4825<br><br>**DEFENDANT COMPREHENSIVE HEALTH MANAGEMENT, INC.'S AMENDED ANSWER TO COMPLAINT** |

Defendant Comprehensive Health Management, Inc. (hereinafter referred to as "CHMI" or "Defendant"), by and through its undersigned attorneys, submits its Amended Answer to the Complaint as follows:

### AS TO "THE NATURE OF THE ACTION"

1.    The Complaint purports to assert the claims described in Paragraph 1 of the Complaint, but Defendant denies that Plaintiffs have any valid or cognizable claim, denies that Plaintiffs and others are similarly situated, and further denies that Plaintiffs are entitled to any of the relief requested. The allegations contained in Paragraph 1 of the Complaint are therefore denied.

2.     The Complaint purports to assert the claims described in Paragraph 2 of the Complaint, but Defendant denies that Plaintiffs have any valid or cognizable claim, denies that Plaintiffs and others similarly situated, and further denies that Plaintiffs are entitled to any of the relief requested.  The allegations contained in Paragraph 2 of the Complaint are therefore denied.

AS TO "JURISDICTION"

3.     Paragraph 3 of the Complaint consists of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, the allegations are denied.

4.     Paragraph 4 of the Complaint consists of statements and/or conclusions of law to which no responsive pleading is required.  To the extent any response is deemed required, however, the remaining allegations are denied.

5.     Paragraph 5 of the Complaint consists of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, the allegations are denied.

AS TO "THE PARTIES"

6.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, except avers that Plaintiff Aponte submitted documents to Defendant during his employment listing a Bronx county address.

7.     It is admitted that at certain times Plaintiff Aponte was employed by Defendant and that Plaintiff Aponte performed employment-related activities in certain areas of New York. Except as otherwise stated, the allegations contained in Paragraph 7 of the Complaint are denied.

7 [sic]. It is admitted that at certain times Plaintiff Aponte was employed by Defendant and that Plaintiff Aponte performed employment-related activities in certain areas of New York. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation concerning Plaintiff Correa's residence, except avers that Plaintiff Correa submitted documents to Defendant during his employment listing a Bronx county address.

Except as otherwise stated, the allegations contained in the second Paragraph 7 of the Complaint are denied.

8.      It is admitted that Defendant is a for-profit corporation and that Defendant's headquarters is not located in New York.  It also is admitted Defendant is engaged in business in New York and has places of business in certain parts of New York.  Except as otherwise stated, the allegations contained in Paragraph 8 of the Complaint are denied.

AS TO "COVERAGE"

9.      It is admitted that at certain times Plaintiffs Aponte and Correa were employed by Defendant.  To the extent that Paragraph 9 of the Complaint consists of statements and/or conclusions of law, no responsive pleading is required.  To the extent a response is deemed required, however, the allegations are denied.

10.     It is admitted that at certain times Plaintiffs Aponte and Correa were employed by Defendant.  To the extent that Paragraph 10 of the Complaint consists of statements and/or conclusions of law, no responsive pleading is required.  To the extent a response is deemed required, however, the allegations are denied.

11.     Paragraph 11 of the Complaint consists of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, the allegations are denied.

12.     Paragraph 12 of the Complaint consists of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, the allegations are denied.

13.     Paragraph 13 of the Complaint consists of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, the allegations are denied.

14.     Paragraph 14 of the Complaint consists of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, the allegations are denied.  The allegations also are denied because it is unclear what is meant by "each Defendant."

15.     It is admitted that CHMI had gross annual revenues in excess of the amount stated in Paragraph 15.  Except as otherwise stated, the allegations contained in Paragraph 42 of the Complaint are denied.

16.     The allegations contained in Paragraph 16 of the Complaint are denied.

17.     Paragraph 17 of the Complaint consists of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, the allegations are denied.

18.     Paragraph 18 of the Complaint consists of statements and/or conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, however, the allegations are denied.

<u>AS TO "STATEMENT OF FACTS"</u>

19.     Defendant is involved in providing managed care services exclusively for government-sponsored health care programs, focusing on Medicaid and Medicare.  Except as otherwise stated, the allegations contained in Paragraph 19 of the Complaint are denied.

20.     It is admitted that Plaintiffs Aponte and Correa were employed by Defendant and sometimes were referred to as Benefits Consultants.  Except at otherwise stated, the allegations contained in Paragraph 20 of the Complaint are denied.

21.     It is admitted that Plaintiff Aponte was employed from approximately May 2008 through March 2009.  Except as otherwise stated, the allegations contained in Paragraph 21 of the Complaint are denied.

22.     It is admitted that Plaintiff Correa's employment terminated on or around June 1, 2009.  Except as otherwise stated, the allegations contained in Paragraph 22 of the Complaint are denied.

23.     It is admitted that Plaintiffs were paid a salary.  Because the allegations are inscrutable, except as otherwise stated, the allegations contained in Paragraph 23 of the Complaint are denied.

24.     It is admitted that at certain times Plaintiffs were eligible to receive other compensation in addition to their salary that was based at least in part on the number of their enrollments.

25.     The allegations contained in Paragraph 25 of the Complaint are denied.

26.     To the extent Paragraph 26 of the Complaint assumes that Plaintiffs worked in excess of forty hours per week, that they were entitled to overtime compensation, or that other employees were similarly situated, the allegations are denied.  It is admitted that Plaintiffs Aponte and Correa did not receive overtime pay at a rate of time and a half their regular rate of pay, but Defendant denies that Plaintiff were entitled to any such overtime pay.

27.     The allegations contained in Paragraph 27 of the Complaint are denied.

28.     The allegations contained in Paragraph 28 of the Complaint are denied.

29.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, except avers that Morgan & Morgan appears to have filed this action

<u>AS TO "COLLECTIVE ACTION ALLEGATIONS"</u>

30.     The allegations contained in Paragraph 30 of the Complaint are denied.

31.     It is admitted that some other employees were paid a salary, were eligible for other compensation in addition to their salary, and were not entitled to overtime pay.  Except as otherwise stated, the allegations contained in Paragraph 31 of the Complaint are denied.

32.     The allegations contained in Paragraph 32 of the Complaint are denied.

33.     Defendant denies that Plaintiffs have the right to maintain this action as a collective action or as a class action under Rule 23 of the Federal Rules of Civil Procedure and also denies any other allegations contained in Paragraph 33 of the Complaint.

34.     The allegations contained in Paragraph 34 of the Complaint are denied.

35.     The allegations contained in Paragraph 35 of the Complaint are denied.

36.    The allegations contained in Paragraph 36 of the Complaint are denied.

37.    The allegations contained in Paragraph 37 of the Complaint are denied.

38.    The allegations contained in Paragraph 38 of the Complaint are denied.

## AS TO "CLASS ALLEGATIONS"

39.    Defendant denies that Plaintiffs have the right to maintain this action as class action under Rule 23 of the Federal Rules of Civil Procedure and also denies any other allegations contained in Paragraph 39 of the Complaint.

40.    Defendant denies that Plaintiffs have the right to maintain this action as class action under Rule 23 of the Federal Rules of Civil Procedure and also denies any other allegations contained in Paragraph 40 of the Complaint.

41.    Defendant denies that Plaintiffs have the right to maintain this action as class action under Rule 23 of the Federal Rules of Civil Procedure and also denies any other allegations contained in Paragraph 41 of the Complaint.

42.    The allegations contained in Paragraph 42 of the Complaint are denied.

43.    The allegations contained in Paragraph 43 of the Complaint are denied.

44.    Defendant is without information or belief sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint.

45.    The allegations contained in Paragraph 45 of the Complaint are denied.

46.    The allegations contained in Paragraph 46 of the Complaint are denied.

## AS TO "COUNT I"

47.    In response to Paragraph 47 of the Complaint, Defendant adopts and incorporates herein the foregoing responses to Paragraphs 1 through 40 of the Complaint.

48.     The allegations contained in Paragraph 48 of the Complaint are denied.

49.     The allegations contained in Paragraph 49 of the Complaint are denied.

50.     The allegations contained in Paragraph 50 of the Complaint are denied.

51.     Inasmuch as Paragraph 51 of the Complaint assumes that Plaintiffs were entitled to overtime pay, the allegations contained in Paragraph 50 of the Complaint are denied.

52.     The allegations contained in Paragraph 52 of the Complaint are denied.

53.     The allegations contained in Paragraph 53 of the Complaint are denied.

54.     The allegations contained in Paragraph 54 of the Complaint are denied.

55.     The allegations contained in Paragraph 55 of the Complaint are denied.

AS TO "COUNT II"

56.     In response to Paragraph 56 of the Complaint, Defendant adopts and incorporates herein the foregoing responses to Paragraphs 1 through 30 of the Complaint.

57.     The allegations contained in Paragraph 57 of the Complaint are denied.

58.     The allegations contained in Paragraph 58 of the Complaint are denied.

59.     The allegations contained in Paragraph 59 of the Complaint are denied.

60.     The allegations contained in Paragraph 60 of the Complaint are denied.

AS TO "PLAINTIFFS' PRAYER FOR RELIEF"

Defendant denies that Plaintiffs are entitled to the relief requested in the Complaint or to any other relief.

**DEFENSES**

Without conceding that it bears the burden of proof as to any issue, Defendant asserts the following additional defenses to the Complaint.   Defendant reserves the right to amend or

-8-

supplement its Amended Answer and/or defenses as may be warranted by the information developed through subsequent discovery.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted or for which the damages and other relief sought can be awarded.

## SECOND DEFENSE

Plaintiffs' claims are barred by exemptions, exclusions, exceptions, or credits under the Fair Labor Standards Act ("FLSA") and under New York law, including, but not limited to, the administrative and/or outside sales exemptions.

## THIRD DEFENSE

This case may not be maintained as a collective action because Plaintiffs are not similarly situated to, or otherwise adequate representatives for, the persons whom they purport to represent.  Defendant specifically maintains that the Complaint fails to meet the requirements necessary to justify a collective action or issuance of notice under the FLSA.

## FOURTH DEFENSE

Plaintiffs are not entitled to class certification because they fail to meet the requirements set forth by Rule 23 of the Federal Rules of Civil Procedure.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to bring certain claims and/or seek certain relief.

## SIXTH DEFENSE

Plaintiffs, by their conduct, have waived any rights they may otherwise have had and/or are estopped to complain of the matters alleged in this Complaint.

### SEVENTH DEFENSE

Defendant denies that Plaintiffs were suffered or permitted to work hours in excess of forty in a workweek, and reserves the right to assert that any work Plaintiffs purport to have done in excess of forty hours in a workweek is *de minimis* or insubstantial.

### EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes or other periods of limitations.

### NINTH DEFENSE

Plaintiffs' state law claims are preempted, in whole or in part, by federal law.

### TENTH DEFENSE

Even if Defendant were found liable for overtime pay, which Defendant expressly denies, Plaintiffs and the alleged class and collective action members would be entitled to no more than one-half their regular rate of pay for any overtime hours worked.

### ELEVENTH DEFENSE

Plaintiffs' claims are barred because Defendant acted in good faith in conformity with, and in reliance on, administrative regulations, orders, rulings, interpretations, practices or enforcement policies.

### TWELFTH DEFENSE

Even if Plaintiffs were found to be not exempt from the requirements of the FLSA and New York law, which Defendant expressly denies, they would only be entitled to compensation for time actually spent working; preliminary and post-liminary activities are not compensable working time.

### THIRTEENTH DEFENSE

The Complaint fails to identify with sufficient particularity any class or group that the Plaintiffs seek to represent in this action.

### FOURTEENTH DEFENSE

Plaintiffs' claims are barred because they have failed to allege facts or other matters sufficient to establish Defendant's coverage under the FLSA.

### FIFTEENTH DEFENSE

Plaintiffs' claims are barred to the extent Plaintiffs worked any unreported hours and did so in violation of company policy and/or concealed the facts from Defendant.

### SIXTEENTH DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs have been properly compensated for all hours worked.

### SEVENTEENTH DEFENSE

Plaintiffs' claims are barred by the payments made by Defendant and received by Plaintiffs.

### EIGHTEENTH DEFENSE

Plaintiffs' claims are barred by accord and satisfaction.

### NINETEENTH DEFENSE

Plaintiffs and/or the putative class members are not entitled to some or all of the relief sought under the doctrine of consent.

### TWENTIETH DEFENSE

Plaintiffs cannot establish a willful violation of the FLSA or state law.

### TWENTY-FIRST DEFENSE

Plaintiffs and/or putative class members have released some or all of their claims, and therefore are barred from bringing this action.

### TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, because litigating Plaintiffs' state law claims as pleaded would violate the Rules Enabling Act.

### TWENTY-THIRD DEFENSE

The Complaint is barred, in whole or in part, because Plaintiffs and any unnamed putative class or any potential collective action members failed to satisfy statutory or other prerequisites to proceed collectively under the FLSA or to maintaining a class action.

### TWENTY-FOURTH DEFENSE

This case is not appropriate for collective action because the facts and law commons to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiffs and to the purported collective action members.

### TWENTY-FIFTH DEFENSE

Plaintiffs are not entitled to equitable relief insofar as they have an adequate remedy at law.

### RESPONSE TO PLAINTIFF'S PRAYER FOR JURY TRIAL

Defendant objects to Plaintiffs' prayer for a jury trial with respect to any claim, issue or element of relief with respect to which Plaintiffs are not entitled to a jury trial as a matter of right.

## **PRAYER FOR RELIEF**

WHEREFORE, having answered Plaintiffs' Complaint, Defendant Comprehensive Health Management, Inc. respectfully requests that the Court enter judgment in favor of Defendant, dismiss all claims against Defendant with prejudice, award Defendant its costs and reasonable attorneys' fees, and allow Defendant such other and further relief as the Court may deem just and proper.

Dated:  August 10, 2010
      New York, New York

                              JACKSON LEWIS LLP

                              By: _Peter C. Moskowitz_
                                  Peter C. Moskowitz (PM 8845)
                                  Jason Zoldessy (JZ 6522)

                                  Jackson Lewis LLP
                                  59 Maiden Lane
                                  New York, NY 10038-4502
                                  (212) 545-4000

                                  Attorneys for Defendant
                                  Comprehensive Health Management, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on **August 10, 2010** the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*s/* **Daniel D. Schudroff**
**Daniel D. Schudroff (DS0525) schudroffd@jacksonlewis.com**